**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1770-17T3

AIMEE K. IDAN,

     Plaintiff-Respondent,

v.

DANIEL IDAN,

     Defendant-Appellant.

_____

       Submitted May 1, 2019 – Decided May 20, 2019

       Before Judges Reisner and Mawla.

       On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1342-06.

       Lane & Lane, LLC, attorneys for appellant (Daniel J. Lane, of counsel and on the brief).

       Respondent has not filed a brief.

PER CURIAM

     Defendant Daniel Idan appeals from an October 30, 2017 order summarizing a series of prior orders setting forth his weekly child support

obligations and ordering the Essex County Probation Division to adjust its records to reflect the modifications set forth in the order. For the reasons set forth below, we dismiss the appeal.

By way of background, over the past several years, defendant has filed repeated motions seeking to modify his child support obligations. He has also repeatedly sought reconsideration of the orders deciding the motions. For purposes of this opinion we need not detail all of those orders and applications. Suffice to say that on June 21, 2017, the Family Part entered an order denying in part and granting in part defendant's motion for reconsideration of a January 30, 2017 order. Defendant did not appeal either from the January 30, 2017 order or the June 21, 2017 order. Instead, he filed yet another motion, this time seeking reconsideration of the June 21 order. The Family Part disposed of that motion by order dated July 14, 2017, modifying defendant's child support obligation to $92 per week, effective as of January 1, 2014.

Defendant had forty-five days to file an appeal from the July 14, 2017 order, but he did not do so. See R. 2:4-1(a). Nor did he file a motion for reconsideration of the order, which would have tolled the time for filing a notice of appeal. See R. 2:4-3(e). Instead, defendant's attorney sent the Family Part judge a letter on July 28, 2017, asking that the July 14, 2017 order "be clarified

for the benefit of the Probation Division."  The letter set forth the specific clarifications defendant was seeking.  In response, the judge issued an order on October 30, 2017, summarizing the prior orders with the clarifications requested in defense counsel's letter.  The order also directed the Probation Division to adjust its records to reflect those "modifications" and recited that "[e]xcept as clarified and summarized, herein, all other orders remain in full force and effect."

Defendant's notice of appeal only listed the October 30, 2017 order, and therefore that is the only order properly before us on this appeal.  See R. 2:5-1(e)(3)(i); 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004).  Defendant is barred from appealing that order, because it gave him the relief his attorney's letter sought on his behalf.  See State v. Jenkins, 178 N.J. 347, 358-59 (2004) (addressing the doctrines of judicial estoppel and invited error); CFG Health Sys., LLC v. Cty. of Hudson, 413 N.J. Super. 306, 321 (App. Div. 2010).  In fact, the judge actually signed the form of order defendant's counsel submitted with the letter, adding only handwritten notations specifying the prior order to which each clarification pertained.  To the extent defendant's appellate brief appears to be seeking relief from any of those earlier orders, we decline to consider his arguments for two reasons.  First,

3

the prior orders are not listed in his notice of appeal. Second, an appeal from those prior orders would be untimely. The October 30, 2017 order–which simply summarized the prior orders with clarifications defendant requested–did not revive defendant's long-expired right to appeal from the prior orders.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1770-17T3